UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
DAVID DOHERTY,

                      Petitioner,

    vs.                                                        9:07-CV-0448
                                                                    (NAM)(GHL)

DARWIN LACLAIR,

                      Respondent.
-------------------------------------------------------------------------

APPEARANCES:

DAVID DOHERTY
01-A-5840
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051
Petitioner, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## ORDER

**I.    BACKGROUND.**

Presently before the Court is an amended habeas corpus petition filed by David Doherty ("petitioner" or "Doherty") pursuant to 28 U.S.C. § 2254. Dkt. No. 6. Doherty filed the amended petition in accordance with this Court's Order dated June 8, 2007 (the "June Order"). Dkt. No. 3.

In his original petitioner sought to challenge an August 23, 2001 conviction rendered in Clinton County Court wherein he was found guilty of 18 counts of crimes against persons under the age of 18. Docket No. 1. Petitioner was thereafter sentenced to a term of 58 years imprisonment, and an additional term of 2⅓ to 7 years imprisonment. *Id.* The conviction was affirmed by the Appellate Division, Third Department, and the Court of Appeals denied petitioner leave to appeal.

The June Order noted that the Court was unable to determine if the petition was timely filed because petitioner had not supplied the dates his CPL §440 motions were filed. Dkt. No. 3.

**II.     THE AMENDED PETITION**

The amended petition reveals that petitioner appealed his convictions to the Appellate Division, Third Department, and that appeal was denied.  The New York Court of Appeals denied petitioner leave to appeal on July 16, 2003.

Thereafter petitioner alleges he filed his first CPL §440 motion on or about October 10, 2005. That motion was denied on November 15, 2005 and the Appellate Division, Third Department denied petitioner's appeal therefrom on May 26, 2006.

Petitioner alleges that he filed a second motion pursuant to CPL§440 on December 12, 2006 that was denied on January 19, 2007, and the Appellate Division, Third Department denied petitioner's appeal therefrom on March 19, 2007.

The original petition in this action was dated April 12, 2007 and filed with the Court on April 25, 2007.

**III.    DISCUSSION.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of
>
> habeas corpus by a person in custody pursuant to the judgment of a State  Court.
>
> The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion
> > of direct review or the expiration of the time for seeking such  review;
> >
> > (B) the date on which the impediment to filing an application created by
> > State action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially

2

>     recognized by the Supreme Court, if the right has been newly
>     recognized by the Supreme Court and made retroactively
>     applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims
>     presented could have been discovered through the exercise of due
>     diligence.
>
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this
> subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed."). Thus, Doherty's conviction became final on or about October 14, 2003 and his one year statute of limitations began to run on that date.

Petitioner did not file his first motion pursuant to CPL§440 until October 10, 2005. As a result 727 days elapsed, exceeding petitioner's 365 day statue of limitations. Thus, at the time the first §440 motion was filed, petitioner's statute of limitations for bringing this action had already expired. Consequently, the present petition is time-barred under the AEDPA and must be dismissed.

The Court also notes that petitioner alleges that he learned, for the first time, in February 2004 that his counsel had been presented with a much more advantageous plea agreement prior to petitioner's trial and conviction. *See* Dkt. No. 1, page 5. In cases involving newly discovered evidence §2244(d)(1)(D) provides that a petitioner may seek habeas relief even after a conviction has been final

3

for one year in cases where newly discovered evidence supports his claim. *See* 28 U.S.C. § 2244(d)(1)(D). However, in such cases, the one-year period begins to run from the date upon which the petitioner *could have* discovered the factual predicate through the exercise of due diligence. Although this section allows the time period to run anew upon the discovery of new evidence, it "'does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.'" *Lucidore v. New York State Div. of Parole*, No. 99 Civ. 2936, 1999 WL 566362, *5 (S.D.N.Y. Aug. 3, 1999) (quotation omitted).

A petitioner whose claim is based upon newly discovered evidence has the burden of showing that he could not have discovered such evidence earlier with due diligence. *See United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992) (citations omitted); *United States v. Hedman*, 655 F.2d 813, 815 (7th Cir. 1981). "Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial." *Hector v. Greiner*, No. 99 CV 7863, 2000 WL 1240010, *1 (E.D.N.Y. Aug. 29, 2000) (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000)). "Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered." *Id.* (citations omitted). The Court does not believe that the facts alleged rise to the level of newly discovered evidence. Nevertheless, even if the Court were to apply 28 U.S.C. § 2244(d)(1)(D) to the facts before this Court, this action would still be untimely as it woud had to have been filed no later than February 2005.

WHEREFORE, based on the foregoing, it is hereby

ORDERED that this action DISMISSED, and it is further

ORDERED that the Clerk serve a copy of this Order on the petitioner by certified mail.

IT IS SO ORDERED.

Dated: August 20, 2007

*[signature]*

Norman A. Mordue
Chief United States District Court Judge

4